**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| De Antoine Warren,<br>Plaintiff,<br>v.<br>International Education Corporation,<br>Defendant. | No. CV-26-05878-PHX-SHD<br>**ORDER** |

On August 19, 2026, pro se Plaintiff De Antoine Warren filed a Complaint against Defendants International Education Corporation, (Doc. 1), as well as an Application for Leave to Proceed In Forma Pauperis ("IFP"), (Doc. 2), and a Motion to Allow Electronic Filing by a Party Appearing without an Attorney, (Doc. 3). The Court will grant the IFP Application and dismiss the Complaint with leave to amend. Plaintiff's Motion to Allow Electronic Filing will be granted by separate order.

## I. IFP APPLICATION

In his IFP Application, Plaintiff indicates he has insufficient funds to pay the filing fee for this action. The Court, in its discretion, will grant Plaintiff's IFP Application. *See Escobedo v. Applebees,* 787 F.3d 1226, 1234 (9th Cir. 2015) ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."). Plaintiff will not be required to pay the filing fee for this action.

## II. STATUTORY SCREENING OF IN FORMA PAUPERIS COMPLAINTS

Pursuant to 28 U.S.C. § 1915(e)(2), when a plaintiff has been granted IFP status, a court must dismiss the case if the court determines the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

To meet this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. But as the Ninth Circuit has instructed, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (emphasis removed). A "complaint [filed by a pro se plaintiff] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). If the Court determines a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

## III. PLAINTIFF'S COMPLAINT

Plaintiff asserts claims under Title VII, of the Civil Rights Act of 1964 for race and sex discrimination, alleging unequal terms and conditions of employment, retaliation, and a hostile work environment, among other things, based on his status as an "Black/African American" and as a male. (Doc. 1 at 3–4.) He alleges he filed a Charge of Discrimination and received a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission ("EEOC") on June 24, 2026. (*Id.* at 4–5.) The Court will dismiss Plaintiff's Complaint for failure to state a claim, with leave to amend because it may be amended to state a claim.

### A. Notice of Right to Sue Letter

A plaintiff seeking relief under Title VII must first exhaust administrative remedies available under 42 U.S.C. § 2000e-5 by filing a charge with the EEOC. *Surrell v. Ca. Water Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008). A plaintiff must also obtain an EEOC right-to-sue letter before filing a Title VII suit in federal court. 42 U.S.C. § 2000e-5(f)(1); *see Karim-Panahi v. L.A. Police Dept't*, 839 F.2d 621, 626 (9th Cir. 1988). Here, Plaintiff alleges that he exhausted administrative remedies and obtained a Notice of Right to Sue Letter, (Doc. 1 at 4–5), but failed to attach a copy of the letter to his Complaint even though the Complaint for Employment Discrimination Form he used required him to attach such a letter.

This is not the first time that Plaintiff has filed a discrimination lawsuit in this district. His claims were previously dismissed—repeatedly—because he failed to attach a copy of his Notice of Right to Sue letter pertaining to the employer he sued in that case. *See Warren v. Kostas, et al.*, Case No. CV-24-2014-JJT, Docs. 13, 15, 18, and 20 (D. Ariz. 2024). The Court will dismiss the Complaint for the same reasons as set forth in the orders in *Kostas*, but give Plaintiff one, and only one, opportunity to amend his Complaint to cure this defect. *See Lopez,* 203 F.3d at 1130.

### B. Failure to State a Claim

Even if Plaintiff had attached the Notice of Right to Sue Letter, the Complaint must

be dismissed because he fails to state a claim. His disparate treatment claim fails because (a) he only conclusorily alleges that he "believes" adverse actions were taken due to his race or sex, and (b) he fails to allege facts plausibly suggesting that the other employees he identifies as being treated more favorably were similarly situated in material respects. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that "[t]hreadbare recitals of the elements of a cause of action," supported only by conclusory statements, do not suffice); *see also Austin v. Univ. of Or.*, 925 F.3d 1133, 1137–38 (9th Cir. 2019) (affirming dismissal of Title IX sex discrimination claim where, setting aside conclusory allegations, plaintiffs alleged no facts plausibly connecting the challenged discipline to their sex); *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1157 (9th Cir. 2010) (explaining that comparators must be similar "in all material respects," such as holding similar jobs and engaging in similar conduct).

He also fails to plausibly state a hostile work environment claim, which requires that he allege severe or pervasive harassment based on a protected trait. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003) (requiring that plaintiff "show: (1) he was subjected to verbal or physical conduct of a racial or sexual nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment"). Here, the alleged harassing activity is facially race and sex neutral, and Plaintiff alleges no facts suggesting it was directed at him because of his race or sex. *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998) (explaining that Title VII "does not prohibit all verbal or physical harassment in the workplace," only discrimination because of a protected trait).

Likewise, Plaintiff fails to state a claim for retaliation, which requires an allegation that he engaged in protected activity that resulted in an adverse action against him. *See Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F.3d 417, 422 (9th Cir. 2013) (requiring protected activity, a materially adverse action, and a causal link between them, and explaining that opposing a practice the employee reasonably believes violates Title VII

is protected activity); *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013) (holding that protected activity must be a but-for cause of the adverse action). In his Complaint, Plaintiff only conclusorily alleges that he "complained internally about what he believed to be unequal treatment, harassment, and false allegations" without identifying his specific complaints and how they relate to race or sex discrimination. He also fails to allege that any adverse action was taken against him due to his complaints.

Finally, although constructive discharge is not a standalone claim, Plaintiff fails to sufficiently allege that he was constructively discharged, which requires conditions so intolerable that a reasonable person would resign. *See Pa. State Police v. Suders*, 542 U.S. 129, 147 (2004) (asking whether working conditions became "so intolerable" that a reasonable person in the employee's position would have felt compelled to resign); *Poland v. Chertoff*, 494 F.3d 1174, 1184 (9th Cir. 2007) (same); *Brooks v. City of San Mateo*, 229 F.3d 917, 930 (9th Cir. 2000) (requiring conditions "sufficiently extraordinary and egregious" to overcome a reasonable employee's normal motivation to stay on the job). Plaintiff's non-conclusory allegations do not meet that standard.

## IV. LEAVE TO AMEND

For the reasons above, the Court will dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted and for failure to attach the Notice of Right to Sue Letter. Because it is not clear whether Plaintiff could allege facts giving rise to an actionable claim, he will be given leave to amend. *See Lopez*, 203 F.3d at 1127–29. Within 30 days from the date of this Order, Plaintiff may submit a first amended complaint.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count. Additionally, Plaintiff must include a copy of the Notice of Right to Sue Letter from EEOC.

An amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d

1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action raised in the original Complaint is waived if it is not alleged in the amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

## V. WARNINGS

### A. Address Changes

If Plaintiff's address changes during the course of this litigation, he must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260–61 (a district court may dismiss an action for failure to comply with any order of the Court).

## VI. CONCLUSION

Accordingly,

**IT IS ORDERED:**

(1) Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 2) is **granted**. Plaintiff is not required to pay the filing fee.

(2) The Complaint (Doc. 1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

///

////

////

///

///

(3) If Plaintiff fails to file an amended complaint within **30 days**, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice and deny any pending unrelated motions as moot.

Dated this 26th day of October, 2026.

Honorable Sharad H. Desai
United States District Judge